## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEVEN W.SCAFF,**

**Plaintiffs,**

**v.**

**RALCORP HOLDINGS, INC.**
**and PARCO FOODS, LLC.,**

**Defendants.**                                     **No. 06-CV-538-DRH**


## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.  **Introduction**

Before the Court is a motion submitted by Plaintiff Steven Scaff to remand this case to state court.  (Doc. 9.)  Defendants Ralcorp Holdings, Inc. ("Ralcorp") and Parco Foods, LLC ("Parco") (collectively referred to as "Defendants") respond in opposition.  (Doc. 20.)  In addition, Defendants have submitted a motion to transfer this lawsuit to the United States District Court for the Northern District of Illinois, Eastern Division. (Doc. 15.)  Plaintiff has not responded to this motion. For the following reasons, the Court denies Plaintiff's motion to remand and grants Defendants' motion to transfer.

### II.  **Background**

Plaintiff was an employee of Parco from June 2002 until February 2006. Parco is a producer of cookies for the in-store bakery and food-service markets in the

United States and Canada.  When Plaintiff began working for Parco in June 2002, he signed a "Key Employee Commitment" agreement, which contained confidentiality, non-competition, and non-solicitation provisions.   In February 2006, Ralcorp purchased Parco.   At that time, Plaintiff's position with Parco was eliminated. Following his termination, Plaintiff formed Heartland Bakery LLC and decided to purchase a closed bakery plant in Du Quoin, Illinois.   On May 17, 2006, Plaintiff received a letter from the president of Ralcorp notifying Plaintiff that he is "prohibited from using or disclosing any confidential information [he] obtained during [his] employment with Parco" and is "precluded from engaging in certain competitive activities against Parco" under the Employment Agreements and advising that Defendants would take legal action to enforce the agreements (Doc. 2, Ex. B, ¶¶ 2, 3, 6.)  In response, Plaintiff filed this declaratory judgment action in the Circuit Court of Perry County on May 30, 2006 seeking a judgment 1) declaring the Key Employee Commitment void and unenforceable against Plaintiff; 2) declaring that Plaintiff's employment with Heartland Bakery LLC does not violate the Key Employee Commitment; and 3) enjoining Defendants from taking any action, by litigation or otherwise, to hinder or prevent Plaintiff from pursuing his employment with Heartland Bakery LLC.  On July 10, 2006, Defendants filed a timely Joint Notice of Removal based on diversity jurisdiction pursuant to **28 U.S.C. § 1332(a)**. (Doc. 2.) On July 25, 2006, Plaintiff filed a timely Motion to Remand arguing that the amount in controversy is less than $75,000 and, therefore, the Court lacks subject matter jurisdiction. (Doc. 9.)  Defendants disagree.  Defendants argue that the value of a

judgment declaring the employment agreements void and unenforceable well exceeds $75,000 to both Plaintiff and Defendants, individually.  Furthermore, on August 3, 2006, Defendants filed a Joint Motion to Transfer Venue to the United States District Court of the Northern District of Illinois, Eastern Division, where two other related actions are pending. (Doc. 15.) Plaintiff has not responded to this motion.

### III.  <u>Analysis</u>

**A.    Plaintiff's Motion to Remand** (Doc. 9)

    1.    *Amount in Controversy*

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. ***See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**.[1]  Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.  Plaintiff does not dispute complete diversity of citizenship.  In Plaintiff's motion to remand, he asserts that the "cost to defendant to enforce the covenant would not exceed $75,000" (Doc. 9, ¶ 5) and that the "value to Plaintiff to have the covenant declared invalid is entirely speculative" (*Id.*, ¶ 6).  The burden of establishing jurisdiction in the federal courts

---

[1] In pertinent part, **28 U.S.C. § 1441** states:

    (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

falls on the party seeking removal. ***Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.

In declaratory actions, such as this case, "it is well established that the amount in controversy is measured by the value of the object of the litigation." ***Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)**. Furthermore, in the Seventh Circuit, the value is calculated from either party's point of view. ***See In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 610 (7th Cir. 1997).** Although the burden rests upon the proponent of federal jurisdiction, "the sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." ***St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).**

Defendants contend that a judgment declaring the employment agreement void and unenforceable would allow Plaintiff the freedom to engage in competitive activity armed with confidential information that would give Plaintiff a competitive advantage; this alone, Defendants argue, is valued at far more than $75,000.  The confidential information includes "non-public information relating to Parco's pricing and discounting structures, financial information, customer accounts, product formulas and recipes, sales and marketing plans, future business plans, including research and development efforts, as well as other valuable information

relating to Parco's business and operations." (Doc. 2, p. 6.) Furthermore, Defendants posit that if a court finds the employment agreement unenforceable and allows Plaintiff to proceed with his business plans, Defendants could stand to lose millions of dollars in existing customer accounts. Lastly, Defendants maintain that the outcome of this action will determine whether Plaintiff's compensation is subject to forfeiture. The total value of Plaintiffs compensation from June 2002 to February 2006 is $390,265. All of these arguments are supported by the affidavit of Cheryl M. Jekiel, Vice President and General Manager, ISB Sales and Marketing for Ralcorp Frozen Bakery Products, which was attached to Defendants' Notice of Removal. (Doc. 2, Ex. C.) Although the exact amounts are uncertain, the Court bears in mind that unless it appears to a "legal certainty" that the amount will *not* exceed $75,000, jurisdiction should not be denied. Defendants have established that the outcome of this litigation, to either Plaintiff or Defendant, is of a value that far exceeds the amount in controversy requirement. Therefore, Plaintiff's motion to remand is **DENIED**.

**B.      Defendant's Motion to Transfer** (Doc. 15)

Defendants also seek to transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to **28 U.S.C. § 1404.** Plaintiff failed to respond to Defendants' motion. According to the **Southern District of Illinois Local Rule 7.1(g)** "[f]ailure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion." The

Court considers this omission to be significant, particularly given the weight usually given to a plaintiff's preference under the Court's transfer of venue analysis.  The Court can only interpret Plaintiff's silence as at least partial acquiescence to Defendants' request.  Nevertheless, the Court will briefly discuss the other factors that weighed into the Court's decision to grant Defendants' motion to transfer.

**Section 1404(a)**, which governs the transfer of an action from one federal district court to another, provides: "For the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  **28 U.S.C. § 1404(a)**. The purpose of **§ 1404(a)** "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." ***Van Dusen v. Barrack***, **376 U.S. 612, 616 (1964)**.  A transfer under **§ 1404(a)** is appropriate if: (1) venue is proper in both the transferor and the transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. ***Vandeveld v. Christoph***, **877 F. Supp. 1160, 1167 (N.D. Ill. 1995)(Bucklo, J.)**.

In determining whether a motion under **§ 1404(a)** should be granted, the court must seek to promote the efficient administration of justice and not merely the private interests of the parties. ***North Shore Gas Co. v. Salomon, Inc.***, **896 F. Supp. 786, 791 (N.D. Ill. 1995)(Gettleman, J.)**.  The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude and,

therefore, is committed to the sound discretion of the trial court. ***Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)**. The language of section 1404(a) does not indicate the relative weight that should be accorded to each factor. As the Seventh Circuit has noted, "these factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." ***Coffey*, 796 F.2d at 220 n.3 (citations omitted)**. The party seeking a transfer under **§ 1404(a)** bears the burden of establishing that the transferee court is clearly more convenient. ***Coffey*, 796 F.2d at 219-20**. Each of the factors is considered below.

First, it is uncontested that venue is proper in both the transferee and transferor courts pursuant to the general venue statute. **28 U.S.C. § 1391(a)**. Specifically, in regards to the Northern District of Illinois, **Section 1391(a)(2)** provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." **28 U.S.C. § 1391(a)(2)**. Notably, all of the events giving rise to Plaintiff's suit occurred in the Northern District and Heartland Bakery's registered business address is also located in that District.

As to the Parties' and witnesses' convenience, the Northern District of Illinois is clearly a more convenient forum. Normally, a plaintiff's choice of forum is

entitled to great deference. ***See, e.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)**.  However, this deference is "not absolute," particularly if plaintiff's choice of forum has "no significant connection to its claim...." ***Amoco Oil Corp. v. Mobil Oil Corp.,* 90 F. Supp. 2d 958, 960-61 (N.D. Ill. 2000)(Alesia, J.)**. Presumably, if Plaintiff believed that he would be terribly inconvenienced by litigating this action in the Northern District of Illinois, he would have opposed Defendants' motion.  Furthermore, up until recently, Plaintiff lived in the Northern District of Illinois and the bakery that Plaintiff wishes to operate is also located in that District, as discussed above.  Defendant Parco's principal place of business is also located in the Northern District of Illinois.  Defendant Ralcorp's principal place of business, on the other hand, is located in St. Louis, Missouri, closer to this District.  However, Defendants still prefer the Northern District of Illinois because of its convenience to the vast majority, if not all, of the witnesses Defendants intend to call in this case. Defendants intend to call present and former Parco and Ralcorp employees, all of whom reside in the Northern District of Illinois.  Defendants argue that Plaintiff, on the other hand, is the only witness who resides in this District.  Because Plaintiff failed to file a response, the Court will assume this to be true.  Clearly, the Northern District of Illinois is a more convenient forum for the majority of parties and witnesses.

Finally, the "interest of justice" factor weighs strongly in favor of transfer. Factors to consider under this prong include (1) the speediness of each district in

concluding their proceedings, (2) the districts' familiarity with the applicable law, and

(3) the relation of the community to the occurrence and the desirability of resolving

the controversy in its locale.   ***Amoco Oil Corp.,* 90 F. Supp. 2d at 963.**

Furthermore:

> Factors traditionally considered in an "interest of justice" analysis relate
> to the efficient administration of the court system.  For example, the
> interest of justice may be served by a transfer to a district where the
> litigants are more likely to receive a speedy trial . . . .  The "interest of
> justice" analysis relates, then, to the efficient functioning of the courts,
> not to the merits of the underlying dispute.

***Coffey*, 796 F.2d at 221**.  Defendant cites statistics from the September 30, 2005

Federal Court Management Statistics report that suggests that this lawsuit is likely

to be adjudicated more expeditiously in the Northern District of Illinois. (Doc. 16, p.

16.)  Furthermore, because the events giving rise to this claim are located in the

Northern District of Illinois, that District's interest in the outcome of this lawsuit is

likely to be greater.    Lastly, the Court notes that Parco has filed a lawsuit in the

Northern District of Illinois related to Plaintiff's alleged violation of the employment

agreement and the separation agreement.  Furthermore, the Court acknowledges that

the Northern District of New York just recently granted a motion to transfer to the

Northern District of Illinois, in a related declaratory judgment action. (Doc. 22.)

Therefore, the Northern District of Illinois currently has two other related pending

cases.  For all of these reasons, the Court finds that the interest of justice and judicial

economy would best be served by granting Defendants' motion to transfer this case

to the Northern District of Illinois.

### IV.  <u>Conclusion</u>

Accordingly, the Court **DENIES** Plaintiff's motion to remand.  (Doc. 9.) Furthermore, the Court **GRANTS** Defendants' motion (Doc. 21) and **TRANSFERS** this case from the Southern District of Illinois to the United States District Court of the Northern District of Illinois, Eastern Division.   Clerk shall not notify the Northern District of the availability of this file until November 17, 2006 to give interested parties the opportunity to file motions if they wish.  If no motions have been filed by that date the Clerk shall proceed with the "transfer."  Any motions to reconsider on file by that date shall operate as a stay on the transfer of this file to the Northern District.

**IT IS SO ORDERED**.

Signed this 3rd day of November, 2006.


/s/        David  RHerndon
**United States District Judge**